UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allina Health System, | Case No. 22-cv-63 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Gentox Medical Services, LLC and Uriah Kennedy, | |
| Defendants. | |

The Court files this Order in response to Defendants' July 10, 2023 letter to the Court (ECF No. 76.) On January 18, 2023, counsel for Defendants Gentox Medical Services, LLC ("Gentox") and Uriah Kennedy filed a motion to withdraw (ECF No. 38) on grounds that Defendants had "failed to be responsive to the Firm," had failed to "meaningfully participate in their defense," and for other reasons described in *ex parte* communications to the Court rendering it "unreasonably difficult to continue the representation." (ECF No. 41 at 1-3.) Plaintiff filed a letter on January 25, 2023 in connection with defense counsel's motion, voicing concerns about Defendants proceeding without representation and stating that, "Mr. Kennedy has failed to provide substantive responses to many of Allina's discovery requests," including requests concerning inventory, sales to Allina, Gentox's corporate formation and governance documents, and other relevant financial documents. (ECF No. 46.) The Court granted defense counsel's motion to withdraw on March 8, 2023 and stayed this action until March 22, 2023 to allow time for Defendants to retain substitute counsel. (ECF No. 52.) The Court's order required defense counsel to serve the order on Defendants and provide notice to Plaintiff and the Court of Defendants' direct mailing address, telephone number and email address to facilitate future service in the event that

1

substitute counsel for Defendants did not appear. (*Id.*) On March 21, 2023, defense counsel filed a certificate of service containing Defendants' contact information. (ECF No. 54.)

On March 28, 2023, Plaintiff filed a motion to compel discovery and modify the pretrial scheduling order. (ECF No. 55.) Having received no opposition memorandum from Defendants, the Court filed an order on April 10, 2023 notifying Defendants that they must file a response by April 28, 2023. (ECF No. 62.) On April 18, 2023, the Clerk's Office docketed a notice stating that the attempted mailing of the Court's order to Defendants at the address provided by their former counsel had been returned with a new address notification. The Clerk's Office resent the order to the new address received from the postal service. Having received no additional notices of returned mail and no response from Defendants to Plaintiff's motion to compel, the Court conducted a hearing on May 4, 2023, at which Defendants failed to appear (ECF No. 63), and granted the motion on May 9, 2023. (ECF No. 64.) The Clerk's Office's attempts to mail the order granting the motion to the new, forwarding address provided by the postal service were unsuccessful, and the mailing was returned without a forwarding address on May 23, 2023.

On June 13, 2023, Plaintiff filed a motion for default judgment against Defendants. (ECF No. 65.) As grounds for default, Plaintiff states that Defendants have "ignored discovery requests, ignored court orders, failed to appear at a hearing, ignored all outreach by both the Court and Allina's counsel, and failed to get new counsel after their prior counsel withdrew. All attempts to contact Mr. Kennedy, whether at the last provided address, phone number or known email address have failed." (ECF No. 68.) Plaintiff's motion for default is scheduled for hearing before the District Judge on August 9, 2023. (ECF No. 67.)

Defendants reappeared after Plaintiff filed its motion for default. But instead of responding to Plaintiffs' discovery requests, Defendant Uriah Kennedy filed a "response" to Plaintiff's default

2

motion on June 28, 2023. (ECF No. 74.)  This document does not explain his repeated failures to participate in the litigation or communicate with Plaintiff's counsel and the Court, and instead petitions the Court to dismiss him from this matter on grounds that the corporate veil should not be pierced and other substantive grounds.  Significantly, Mr. Kennedy seeks dismissal while having continuously deprived Plaintiff of responses to discovery requests targeted at investigating Defendants' potential breach of corporate formalities.

On June 29, 2023, the Court issued an order to show cause (ECF No. 75), requiring Defendant Kennedy to file a letter by July 5, 2023 showing cause for his failures to participate in the discovery process and comply with the Court's orders.  On July 10, 2023—five days after the due date—Mr. Kennedy filed a response to the Court's order complaining that he had not received it until July 5, stating that he has "limited time and ability for this case" due to pending bankruptcy proceedings related to another company Mr. Kennedy owns, commenting that he does not have the means to hire representation in this matter but would prefer not to represent himself, and indicating that he and Gentox are willing to disclose certain information related to a third party he claims is responsible for Plaintiff's losses.

The Court notes, first, that Mr. Kennedy apparently has not rectified his failure to provide the Court and Plaintiff's counsel with phone number, email and mailing address information where he can reliably receive communications related to these proceedings in a timely manner.  Mr. Kennedy must do so immediately.

Second, the Court observes that Mr. Kennedy's statement that he simply does not have time for this case constitutes clear grounds for default.  If he does not comply with the Court's orders (past, present and future) and participate in hearings as required, the Court will have no other option.

3

Third, while the Court is sympathetic to Defendants' loss of legal representation, they have now had over five months to obtain substitute representation. Gentox will be subject to default if it does not obtain substitute counsel, and Mr. Kennedy will be subject to default if he does not meaningfully participate in the case—whether represented or not.

Fourth, and most importantly, Mr. Kennedy's participation in the case <u>must include</u> immediate, truthful and comprehensive responses to the discovery requests Plaintiff served on him more than half a year ago. Mr. Kennedy's offer to provide information related to the third party he claims is responsible is appreciated, but he does not have the option of choosing to provide information he believes helpful to his defense and withholding complete responses to the discovery requests Plaintiff has propounded. Furthermore, it is not enough at this point for him to represent that he is "willing to disclose" information—he must disclose it and he must do so now.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant Uriah Kennedy must file a letter with the Court providing a phone number, email address and mailing address for receipt of communications from the Court and Plaintiff regarding this litigation as soon as possible, and in no event later than **July 21, 2023**. If the information he provides in response to this Order changes at any point in the future, he must file updated contact information with the Court before the change goes into effect.

2. Defendant Uriah Kennedy must promptly respond to all communications from Plaintiff's counsel and the Court.

3. Defendant Uriah Kennedy must comply with the Court's Order (ECF No. 64) granting Plaintiff's motion to compel (ECF No. 55) as soon as possible, and in no event later than **August 1, 2023**:

   a. Defendants must supplement or amend their initial responses to Plaintiff's First Set of Interrogatories and Requests for Production. Such responses must be complete and non-evasive.

   b. Defendants must provide complete and non-evasive responses to Plaintiff's Second Set of Interrogatories and Requests for Production.

   c. Defendants must produce complete authorizations for the requested banking and tax records for both Gentox and Uriah Kennedy.

4. Plaintiff and Defendant Uriah Kennedy shall each file a letter by **August 2, 2023** regarding Defendants' compliance with paragraphs 1-3 of this Order for the Court's review in connection with Plaintiff's Motion for Default Judgment.

Dated: July 12, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge