# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Allina Health System,

         Plaintiff,

v.

Gentox Medical Services, LLC, and
Uriah Kennedy,

         Defendants.

Civ. No. 22-63 (JWB/DJF)

**ORDER
ON PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT**

Kevin P. Curry, Esq., and Melissa R. Stull, Esq., Soule & Stull LLC, counsel for Plaintiff.

Gentox Medical Services, LLC, Pro Se.

Uriah Kennedy, Pro Se.

This dispute arose after Plaintiff Allina Health System ("Allina") purchased millions of nitrile medical gloves from Defendant Gentox Medical Services, LLC ("Gentox") and its sole member, Defendant Uriah Kennedy, in the early months of the COVID-19 pandemic, but Defendants failed to deliver. The matter is now before the Court on Allina's Motion for Default Judgment. (Doc. No. 65.)

## BACKGROUND

In March 2023, joint counsel for Gentox and Mr. Kennedy withdrew from this matter, and for the following several months, Defendants were non-responsive and non-participatory in the litigation. (*See* Doc. Nos. 38, 52.) They did not respond to Allina's

motion to compel their discovery responses, a motion that eventually was granted. (*See* Doc. No. 77 at 1–2.) Both the Order directing Defendants to respond to Allina's motion for discovery and the Order granting the motion were returned as undeliverable by mail, indicating that the addresses for Gentox and Mr. Kennedy were out of date. (*Id.* at 2.)

Mr. Kennedy re-engaged on June 28, 2023, at that time filing a response to Allina's motion for a default judgment. (*See* Doc. No. 74.) Still, no response was given to this Court's Order in May 2023 that he respond to Allina's discovery requests. (*See id.*; Doc. No. 64.) Mr. Kennedy was ordered to show cause justifying his repeated failures to participate in discovery, and to provide an accurate address so he could be served—both of which he failed to do within the allotted time. (Doc. No. 75.)

Mr. Kennedy responded by letter on July 10, 2023, asserting that Gentox is now defunct, is subject to two other court judgments in similar cases, and remains unable to secure representation. (Doc. No. 76.) Mr. Kennedy also claimed that Gentox was itself a victim of fraud at the hands of suppliers to whom it wired Allina's funds but never received product shipments in return. (*Id.*) Finding the response insufficient, the Magistrate Judge again ordered Mr. Kennedy ordered to provide his contact information and to comply with discovery. (Doc. No. 77.)

The next week, Mr. Kennedy repeated the claims from his letter in a second objection to Allina's default judgment motion. (Doc. No. 88.) He also represented that the information absolving him and Gentox "can be provided" and is "fully available" to Allina, and that he would "gladly supply any additional information about where the Allina funds went." (*Id.* at 2–4.) To date, Mr. Kennedy has not provided any materials to

Allina in accordance with the Orders compelling him to respond to its discovery requests.

**DISCUSSION**

**I.      Entry of Default**

      **A.      Against Gentox**

Federal courts may enter default judgment when a party fails to "plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55. The law does not allow a corporation to proceed pro se. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (citations omitted). Gentox has been without representation since March 2023 and has not secured representation despite a court warning that default could result from its failure to do so. (*See* Doc. No. 52 at 3.) Accordingly, default judgment under Rule 55 is proper against Gentox on that basis.

      **B.      Against Mr. Kennedy**

Federal courts are separately authorized to enter default judgment as a sanction for failure to comply with court-ordered discovery. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also Ackra Direct Mktg.*, 86 F.3d at 856–57 (determining that intentional delays, willful violation of court rules, and willful disobedience can serve as basis for default judgment); *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (affirming grant of default judgment based on failure to sufficiently respond to court's orders to show cause regarding subpoena duces tecum).

In permitting defense counsel to withdraw, the Magistrate Judge informed Mr. Kennedy that his LLC (Defendant Gentox) cannot properly participate as a defendant in this litigation without replacement counsel, stayed the matter briefly for Mr. Kennedy

3

to find new representation, and ordered withdrawing counsel to serve the withdrawal Order on Defendants and provide Defendants' contact information to facilitate future service. (*See* Doc. No. 52 at 3.) Mr. Kennedy did not obtain replacement counsel, and he did not participate in subsequent proceedings on Allina's motion to compel discovery despite being ordered to respond. (*See* Doc. Nos. 59, 62–63.) Mr. Kennedy's address had changed after he had been served the withdrawal Order, so both the Order urging him to participate and the later Order compelling him to respond to Allina's discovery requests were marked undeliverable. (*See* Doc. Nos. 62, 64.) After Mr. Kennedy re-engaged at the end of June 2023, he was given multiple chances to remedy his continuing non-compliance with discovery orders and directives to update his contact information (*see* Doc. Nos. 75, 77), but he failed to do so. Mr. Kennedy's repeated disregard for court orders, including those requiring him to provide discovery responses, constitutes willful disobedience sanctionable under Rule 37 by entry of default.

## II.    Legitimacy of Claims and Amount of Award

Having found a basis for default against Gentox under Rule 55 and against Mr. Kennedy under Rule 37, the analysis turns to whether the facts alleged in Allina's Complaint "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). If they do, then the Court must ascertain the amount and other terms of the judgment. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

"[T]he factual allegations of the complaint, except those relating to the amount of

4

damages, will be taken as true." *Erickson v. Sawyer*, Civ. No. 21-2536 (ECT/DJF), 2023 WL 166952, at *1 (D. Minn. Jan. 12, 2023) (quoting 10A Wright & Miller, *Federal Practice and Procedure* § 2688.1 (4th ed.)). If liability is established, the moving party "must still prove its actual damages to a reasonable degree of certainty" before entry of default judgment. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001) (citation omitted). "A district court may determine damages by computing from the facts of record the amount that the plaintiff is lawfully entitled to recover and enter judgment accordingly." *Radisson Hotels Int'l, Inc. v. Fairmont Partners LLC*, Civ. No. 19-1176 (WMW/BRT), 2020 WL 614810, at *2 (D. Minn. Feb. 10, 2020) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

Allina pled causes of action for breach of contract, fraudulent misrepresentation, piercing the corporate veil, violation of the Minnesota Consumer Fraud Act, and civil liability for theft under Minn. Stat. § 604.14. (*See* Doc. No. 1 ("Compl.") at ¶¶ 48–71.) It seeks actual damages for the $945,000 it sent to Gentox, as well as punitive damages of at least the same amount. (*Id.* at Prayer for Relief ¶¶ 1–2.)

### A.    Actual Damages

Allina has demonstrated to a reasonable degree of certainty that it is entitled to recover actual damages of $945,000 for at least breach of contract and fraudulent misrepresentation. Taking Allina's allegations as true, Gentox held itself out as being able to legitimately supply "fast delivery" of millions of nitrile medical gloves in May and June 2020, accepted Allina's payments totaling $945,000 for the gloves, failed to deliver any gloves (fast or otherwise), and then strung Allina along for months by citing

delays in production and shipping and promising that delivery was just around the corner. (*See* Compl. ¶¶ 12–38.) Beginning August 6, 2020, Mr. Kennedy denied Allina's requests to cancel the orders and issue a refund, continually promising that a breakthrough was coming or that "shipping news" was days away. (*Id.* ¶¶ 28–35.) By August 2021, Mr. Kennedy had stopped responding entirely. (*Id.* ¶ 38.) No gloves were ever delivered, and Allina's money has never been returned. (*Id.* ¶ 25.)

Allina supplemented its default judgment motion with a declaration from its Vice President of Supply Chain, who attests to the purchases and payment amounts. (Doc. No. 96 at 1–2.) That declaration also includes copies of both purchase orders. (*Id.* at 3–4.) Allina's filings establish a legitimate claim for $945,000 in actual damages.

### B.   Joint and Several Liability

Allina has also demonstrated a basis for holding Gentox and Mr. Kennedy jointly and severally liable. Allina alleges that Mr. Kennedy operates Gentox as an alter ego and façade for his individual dealings and benefit. (*Id.* ¶ 47.) Allina further alleges that Mr. Kennedy has a history of operating fraudulent companies to enrich himself, with the COVID-19 pandemic providing the latest opportunity for his scheming. (*Id.* ¶¶ 40–46.)

### C.   Interest and Costs

Allina will also be awarded its requested prejudgment interest and the $402 filing fee for bringing this lawsuit.[1] (*See* Doc. No. 95 at 3, 6.)

As to the filing fee, "[r]ecovery of costs in the district court is generally governed

---

[1]   Allina withdrew its request for attorney's fees. (Doc. No. 95 at 1 n.1.)

by statute and the Federal Rules of Civil Procedure." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987) (citing 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)). The filing fee is a taxable cost under 28 U.S.C. § 1920(1), and Allina may recover it as the prevailing party on default judgment. *See* Fed. R. Civ. P. 54(d)(1); *Goetze v. CRA Collections, Inc.*, Civ. No. 15-3169 (MJD/FLN), 2017 WL 5891693, at *4 (D. Minn. Nov. 28, 2017) ("Plaintiff has received a default judgment in his favor, so he is the prevailing party and is entitled to attorneys' fees and costs.").

State law governs the award of prejudgment interest, *ResCap Liquidating Tr. v. Primary Residential Mortg., Inc.*, 59 F.4th 905, 922 (8th Cir. 2023), and plainly entitles Allina to prejudgment interest here. Minn. Stat. § 549.09, subd. 1(b) "clearly dictates that the prevailing party 'shall receive interest' on any award, with few limited exceptions." *Steady State Imaging, LLC v. Gen. Elec. Co.*, Civ. No. 17-1048 (JRT/TNL), 2023 WL 4203162, at *6 (D. Minn. June 27, 2023). Because Allina's damages exceed $50,000, the prejudgment interest rate must be ten percent per year. Minn. Stat. § 549.09, subd. 1(c)(2). Because the amount of Allina's alleged actual damages is readily ascertainable from its records of the purchase orders, prejudgment interest begins to accrue on the date that Allina's claim arose. *See Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 864 (8th Cir. 2011) (citations omitted).

Allina's claim for its lost $945,000 arose at the latest on August 6, 2020, when Gentox denied its request to cancel the orders that had failed to be delivered by June 20, 2020, as agreed. (*See* Compl. ¶ 28.) Therefore, Allina is entitled to three years of

prejudgment interest at a rate of ten percent per year, for a total of $291,521.40.[2]

###   D.   Punitive Damages

Finally, under Minnesota law, punitive damages "are intended to punish a defendant, or to make an example of a defendant's wrongdoing." *Waters v. Cafesjian*, 127 F. Supp. 3d 994, 998 (D. Minn. 2015) (quoting *Williamson v. Prasciunas*, 661 N.W.2d 645, 653 (Minn. App. 2003)). Mr. Kennedy's alleged exploitation of Allina's need for protective equipment during an escalating global pandemic, taken as true, is plainly punishable and exemplary wrongdoing. However, the record is not entirely without a different version of events, where Allina's lost funds were an outlier from Mr. Kennedy's otherwise successful order fulfillment during the pandemic. Awarding Allina its actual damages, prejudgment interest, and cost to file this case makes it more than whole and serves as a sufficiently weighty consequence for the Defendants. Under these circumstances, punitive damages will not be included in Allina's default judgment.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff Allina Health System's Motion for Default Judgment (Doc. No. 65) is **GRANTED IN PART** and **DENIED IN PART**.

2.      Plaintiff shall recover from Defendants Gentox Medical Services, LLC, and

---

[2] This sum is calculated by multiplying $945,000 by the 10% annual interest rate, which equals $94,500. The annual rate divided by 365 days provides a daily interest of $258.90. That amount is then multiplied by 1,126 for the number of days that have passed since August 6, 2020. *See, e.g.*, *Steady State Imaging*, 2023 WL 4203162, at *8 n.2.

Uriah Kennedy jointly and severally an award of $1,236,923.40 as follows:

     a.     $945,000 in actual damages;

     b.     $291,521.40 in prejudgment interest; and

     c.     $402 in costs.

3.     The Clerk of Court is directed to file its entry of default against Defendant Gentox Medical Services, LLC, pursuant to Fed. R. Civ. P. 55.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: September 6, 2023          *s/ Jerry W. Blackwell*
                              JERRY W. BLACKWELL
                              United States District Court Judge